# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| MARILYN BLOCH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CV408-254 |
| SOUTH UNIVERSITY, | ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Marilyn Bloch, proceeding *pro se*, has filed a complaint against defendant alleging breach of contract under the Court's diversity jurisdiction. (Doc. 1.) She seeks leave to proceed without prepayment of a filing fee. (Doc. 2.) As she is indigent, her application to proceed *in forma pauperis* is **GRANTED**. But, for the reasons that follow, her complaint should be **DISMISSED**.

The right to proceed *in forma pauperis* in litigation in federal district courts is provided for by statute. See 28 U.S.C. § 1915. Litigants are not entitled as of right to proceed without the prepayment of a filing fee. *In*

*forma pauperis* status, rather, is a privilege which may be denied when abused. The *in forma pauperis* statute therefore authorizes courts to dismiss cases sua sponte if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). The power to dismiss such cases sua sponte "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Bloch applied to South University to pursue a nursing degree. (Doc. 1 at 2-3.) She visited the school in November 2008 and told an admissions counselor that she did not think she could afford the school's tuition. (Id. at 2.) The counselor "encouraged" plaintiff by telling her that federal student loans and a work/study program should cover her expenses. (Id.) Later, however, the counselor informed plaintiff that she could not register

for classes without paying $301.00 a month. (Id.) In addition, Bloch contends that she received a notice requiring her to have someone co-sign for her financial aid, even though the counselor never mentioned that a co-signer would be required. (Id.) Bloch contends that the school broke its promises to her by requiring her to pay tuition and obtain a co-signer for her loans, so she demands $301.00 per month to pay for her tuition at another school along with $2,000,000 in undifferentiated damages.

No in-depth legal analysis is necessary to conclude that Bloch's complaint fails to state a claim for relief. She has not alleged any facts showing that South University extended an offer to her to pay for her tuition or that she accepted such an offer. Moreover, it is common knowledge that federal student loans are doled out by the Department of Education or a private lender on an individual basis. Accordingly, the counselor's promise to "help" her obtain federal funds was not a guarantee that such funding would be available with or without a co-signer or that the funding would be sufficient to cover her tuition.

Bloch has failed to state a breach of contract claim under the laws of any jurisdiction. As she has not stated a claim for relief, her case should be

**DISMISSED.**

**SO REPORTED AND RECOMMENDED** this  23rd  day of December, 2008.

/s/ G. R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**